George Cheever, Pittsburgh, Pa., for CIT Group/Equipment Financing, Inc.

**In re Gerald E. SWACKHAMMER and Combined Metals, a Partnerhip, Debtors.**

**Bankruptcy Nos. 88–00239E, 88–00193E. Motion No. 90–21.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 15, 1990.

### OPINION

WARREN W. BENTZ, Bankruptcy Judge.

In this Chapter 11 case, CIT Group/Equipment Financing, Inc. ("CIT") filed a Motion for Allowance of Attorney Fees and Expenses in the total amount of $6,106.92 incurred by it in enforcing its rights under a prepetition security agreement alleging authority by virtue of 11 U.S.C. § 506(b).

Debtors have filed an objection in some detail asserting that $1,670.47 of the claimed fees were overcharges for unnecessary work, and that CIT was paid the principal debt and interest in full on or about December 1, 1989, 11 months in advance of the final payment due date of October 23, 1990 under its contract.

On June 17, 1988 CIT filed a Motion for Relief from Stay and/or Adequate Protection (Motion No. 88–644) alleging that (1) a

decline in value of the collateral may result in a shortfall unless CIT is granted relief from stay, and that (2) the automatic stay causes CIT irreparable injury.

On September 6, 1989 CIT filed another Motion for Relief from Stay (Motion No. 89–1045) alleging:

1. The debt is $80,000;

2. The value of the collateral is $55,000;

3. The debtor has no equity in the collateral;

4. The debtor had defaulted on stipulated payments for adequate protection;

5. The value of the collateral is declining.

On October 28, 1989, after notice and hearing, a public sale of debtor's assets, including the collateral for the CIT debt, was held. The equipment which was collateral for the CIT debt sold for more than $115,000. On November 21, 1989, the court granted the debtor's motion to pay CIT in full in order to stop the further accrual of interest. The only remaining question is whether CIT should be allowed attorney fees for its collection efforts and, if so, the amount thereof.

CIT was in error in its motions for relief from stay in asserting that a decline in value may result in a shortfall, that the automatic stay causes CIT irreparable injury, that the value of the collateral is $55,-000, that debtor had no equity, and that the value of the collateral was further declining.

The error was by a wide margin. The $55,000 value, asserted by CIT, was less than half the value actually received at the public auction sale. CIT has received $80,-000 of the sale proceeds. CIT has therefore already received $25,000 more than its alleged value of its collateral. In addition, it asks for $6,106.92 in attorney fees in protecting its collateral. We will not decide whether such a gross disparity may indicate that CIT made its allegations with a reckless disregard for the truth, in a single minded effort to recover its collateral without regard to the rights of the other parties in the proceeding and without regard to the right of the debtor to attempt a reorganization.

Allowance of attorney fees as requested by CIT would deplete the unencumbered assets of the estate at the expense of unsecured creditors.

The aggressive posture of a secured creditor is not necessarily to be criticized. But in this case, if the assertions of the secured creditor had been correct, CIT's $80,000 claim would have had a total recovery of $55,000, which was the value thereof asserted by CIT. Thus, CIT is $25,000 better off than if its assertions during the case had been correct.

One might speculate that CIT should pay the bankruptcy estate a commission on CIT's recovery of the $25,000 which, if CIT's allegations were to be believed, had been lost as a secured claim before the bankruptcy case was filed.

In these circumstances, it is inappropriate to allow a "piling on" of attorney fees. The efforts of CIT's attorneys neither advanced the reorganization nor the position of CIT, which was fully secured at all times. The CIT petition for counsel fees and expenses will be denied.

A nominal counsel fee would be allowed for following the case on behalf of CIT, but for the substantial misrepresentation of the facts.